UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**
                                                Crim. No. 17-284 (02) (MJD)

Jose Manuel Ordonez,

    Defendant.

_____

    Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.

_____

    This matter is before the Court on Defendant's Pro Se Emergency Motions for a Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. Nos. 155 and 163.)

**I.  Background**

    On February 13, 2018, Defendant pleaded guilty to Count 1 of the Indictment which charged conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. As part of the Plea Agreement, Defendant stipulated that from 2010 through July 2016, Defendant, with Antonio Carlos de Godoy Buzaneli,

1

Julio Enrique Rivera and others devised and participated in a scheme and artifice to defraud to obtain money and other property by means of materially false and fraudulent pretenses, and by using the mail to execute such scheme.  (Doc. No. 50 (Plea Agreement ¶ 2).)  As a result of the fraudulent scheme, investors in such scheme worldwide lost a total of more than $100 million.  (Id.)  Defendant further agreed to waive his right to appeal his sentence, unless the sentence exceeded 235 months imprisonment.  (Id. ¶ 12.)

On January 23, 2019, Defendant was sentenced to a term of imprisonment of 120 months, followed by three years supervised release.  Defendant was also ordered to pay restitution, jointly and severally with defendants Buzaneli and Rivera in the amount of  $51,369,169.88.

To date, Defendant has served approximately 15 months of his 120 months sentence.  He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on September 1, 2027.

Defendant now moves the Court for an Order reducing his sentence to time served or in the alternative to home confinement.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

(ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

>> (III) experiencing deteriorating physical or mental health
>> because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide
> self-care within the environment of a correctional facility and from
> which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief.  In his motion for compassionate release, Defendant asserts he filed a request for compassionate release through proper administrative channels at Jesup FCI on March 31, 2020 and that as of May 12, 2020, he has received no formal response from the warden. (Doc. No. 155 at ¶ 6.)  The government asserts the BOP has no record of Defendant's request.  Nonetheless, the Court will find that Defendant has properly exhausted his administrative remedies.

As to the merits of Defendant's motion, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 49 years old and he offers no proof of any serious medical condition, let alone one that puts him at high risk for severe illness from COVID-19.  He claims he suffers from heart irregularities and pre-hypertension.  Medical records from the BOP show that he is not

4

receiving treatment for such medical conditions or that he is suffering from any serious health condition.  (Gov't Ex. 3; see also Presentence Investigation Report ¶ 68 (stating Defendant diagnosed with hypertension and heart murmur but that he is not prescribed medications.)  Accordingly, based on the record before it, Defendant has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide him appropriate medical treatment or that he is particularly vulnerable to the corona virus.

In addition, the Court recognizes that the BOP has taken significant steps to protect the health of the inmates in its charge in light of the COVID-19 pandemic, and at this time, there are no reported COVID-19 cases at Jesup FCI. www.bop.gov/coronavirus/index.jsp.

Finally, the Court finds that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).

IT IS HEREBY ORDERED that Defendant's Emergency Motions for Sentence Modification (Doc Nos. 155 and 163) is DENIED.

Date:   June 30, 2020

                                                   s/ Michael J. Davis
                                                   Michael J. Davis
                                                   United States District Court