UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jose Manuel Ordonez,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 17-284 (02) (MJD)

_____

    Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Second Pro Se Emergency Motion for a Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 181.)

**I.    Background**

On February 13, 2018, Defendant pleaded guilty to Count 1 of the Indictment which charged conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. On January 23, 2019, Defendant was sentenced to a term of imprisonment of 120 months, followed by three years supervised release.

Defendant was also ordered to pay restitution, jointly and severally with defendants Buzaneli and Rivera in the amount of $51,369,169.88.

To date, Defendant has served approximately 19 months of his 120 months sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on September 1, 2027.

Defendant had previously moved for compassionate release, and that motion was denied on June 30, 2020. (Doc. No. 177.) Defendant has now renewed his motion for an Order reducing his sentence to time served or in the alternative to home confinement claiming that the conditions at the prison facility in which he is housed has worsened. He further asserts that he is obese, which condition together with his heart irregularities and hypertension, heightens the risk he will suffer serious injury if he contracts COVID-19.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

There is no dispute that Defendant has exhausted his administrative remedies.

As to the merits of Defendant's motion, the government asserts that Defendant has failed to notify the Court that he was diagnosed with an asymptomatic case of COVID-19 in July 2020, and that he has since recovered from the virus. (Govt Ex. 4, Updated BOP Medical Records.) After he was diagnosed, Defendant was held in isolation and monitored, and he remained asymptomatic. (Id.)

Defendant is housed at Jesup FCI. The BOP website shows that on November 9, 2020, there is one active case of an inmate with COVID and 19 active cases involving staff. There has been one inmate death, 238 inmates have recovered and 3 staff have recovered. Defendant's medical records indicate that he did test positive for COVID, was asymptomatic and that he has recovered.

Based on the submissions of the parties, as well as the Court's previous Order denying his first motion for compassionate release, the Court finds that Defendant has again failed to show "extraordinary and compelling reasons" due to medical condition or age. See U.S.S.G. § 1B1.13, cmt. 1(A). He has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide him appropriate medical treatment or that he is particularly vulnerable to the corona-virus.

Finally, the Court continues to find that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Sentence Modification (Doc No. 181) is DENIED.

Date:  November 9, 2020

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              United States District Court