UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jose Manuel Ordonez,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 17-284 (02) (MJD)

_____

Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.
Defendant, pro se.

_____

This matter is before the Court on Defendant's Third Motion for a Sentence Modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 233.)

## I.    BACKGROUND

On February 13, 2018, Defendant pleaded guilty to Count 1 of the Indictment, which charged conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. On January 23, 2019, Defendant was sentenced to a term of imprisonment of 120 months, followed by three years supervised release. Defendant was also ordered to pay restitution, jointly and severally with defendants Buzaneli and Rivera in the amount of $51,369,169.88.

1

To date, Defendant has served approximately 59 months of his 120-month sentence. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on September 23, 2026. BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed April 9, 2024).

Defendant has twice previously moved for compassionate release and those motions were denied on June 30, 2020 and November 9, 2020. (Docs. 177, 191.) Defendant has now renewed his motion for an Order reducing his sentence to an unspecified reduction. Because Defendant states that his elderly parents need him, the Court will assume that Defendant requests his sentence be reduced to time served so he can immediately begin supervised release.

Defendant presents three arguments in support of this motion for compassionate release: (1) he renews his argument that his obesity, high blood pressure, and hypertension put him at high risk of he will suffer serious illness if he contracts COVID-19, and that but for "unfortunate timing" he would have been eligible for relief under the CARES Act; (2) he argues his parents are elderly and in poor health; and (3) he argues he has used his time in prison wisely, has no infractions, and is remorseful.

2

## II.  MOTION TO REDUCE SENTENCE

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (B) The defendant is—
>
>  (i) suffering from a serious physical or medical condition,
>
>  (ii) suffering from a serious functional or cognitive impairment, or
>
>  (iii) experiencing deteriorating physical or mental health because of the aging process,

3

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

. . .

(D) The defendant presents the following circumstances—>

    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(B),(D).[1]

There is no dispute that Defendant has exhausted his administrative remedies.

---

[1] This Section of the United States Sentencing Guidelines has been amended since Defendant filed his motion. The entire relevant section is now part of the Guidelines instead of being in the application notes and, inter alia, subsection "D" addressing "an ongoing outbreak of infectious disease" has been added.

### A.     COVID-19

The Government asserts that Defendant has failed to notify the Court that he was diagnosed with an asymptomatic case of COVID-19 in July 2020, and that he has since recovered from the virus. (Doc. 235 at 2; see also Doc. 191 at 4 (Nov. 9, 2020 Order Denying Mot. Compassionate Release at 4) (same).)

Defendant is housed at Jesup FCI. The BOP website shows that on April 9, 2024, there were no active COVID cases at Jesup FCI. https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. Defendant is also fully vaccinated against COVID-19. (Doc. 233 at 10.)

Defendant notes that he is on an 18-person wait list for a sleep apnea study and he has only been to the dentist once in 51 months. (Id. at 13.) He also argues that but for the expiration of the CARES Act, he would likely be released because he qualified for that program. (Id. at 16-17.)

Based on the submissions of the Parties, as well as the Court's previous Orders denying his first and second motions for compassionate release, the Court finds that Defendant has again failed to show "extraordinary and compelling reasons" due to medical condition or age. He has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide

him appropriate medical treatment or that he is particularly vulnerable to the corona-virus or any other medical problem. Even under the amended Guidelines, Defendant has not shown that he is at increased risk of suffering severe medical complications or death as a result of exposure to an "ongoing outbreak" of COVID-19 or that Jesup FCI cannot adequately mitigate such a risk in a timely manner.

B.     **Defendant's Concerns About His Parents' Health**

Defendant argues that his mother is 86-years-old, was hospitalized, and has been moved to a nursing care facility that is expensive and difficult for his father to visit. Defendant's wife works and is juggling their children's three elderly grandparents' needs alone. Defendant would like to be released to help with this burden. He is an only child and feels his parents need him at this time.

While the Court does not dispute that Defendant's incarceration has been difficult on his family, Defendant's aging parents and their attendant medical conditions do not qualify as an "extraordinary and compelling reason" for compassionate release. In relevant part, "[e]xtraordinary and compelling reasons exist . . . . when there has been "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

U.S.S.G. § 1B1.13(b)(3)(C).  Defendant's mother is in a nursing facility where, the Court assumes, she is receiving appropriate care.  Defendant acknowledges that his father and his wife are available to assist with Defendant's mother's care.

### C. Defendant's Rehabilitation

Defendant argues that he has taken 160 classes while in prison, works 3 jobs in the prison, and includes letters of recommendation from prison employees.  He further states that he has been given the lowest recidivism rating the BOP assigns.

Defendant's alleged rehabilitation is also not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  See 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. . . . [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do.") (emphasis in original).

### D. 3553(a) Factors

Finally, the Court continues to find that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  The factors that supported

Defendant's original sentence still apply to Defendant today. Defendant's reliance on United States v. Banks, 55 F.4th 246, 258 (3d Cir. 2022) is unavailing. The case is not binding on this Court and has not been cited by the Eighth Circuit in the 17 months since its release.

### III. ORDER

**IT IS HEREBY ORDERED** that Defendant's Third Motion for Compassionate Release **[Doc No. 233]** is **DENIED.**

Date:  April 11, 2024

s/Michael J. Davis
Michael J. Davis
United States District Court
